FILED
3:16 pm Aug 21 2023
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **BRUCE ARNOFF,** | ) | **CASE NO. 1:23 CV 970** |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| v. | ) | |
| **LORAIN COUNTY COURTS** | ) | |
| **JUDGE JOHN MIRALDI,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

## Background

*Pro se* Plaintiff Bruce Arnoff, an Ohio prisoner, has filed an in forma pauperis civil rights complaint in this case against "Lorain County Courts, Judge John Miraldi." (Doc. No. 1 at 3, ¶ III. B.)

Plaintiff pleaded guilty in a criminal case over which Judge Miraldi presided in Lorain County to 17 counts of an indictment charging Plaintiff with complicity to commit aggravated murder, complicity to commit murder, complicity to commit felonious assault, and tampering with evidence. *See State v. Arnoff,* No. 19 CA 011475, 2020 WL 3530559 (Ohio App. 9 Dist. June 30, 2020).

In his complaint, Plaintiff sues Judge Miraldi for damages, contending the Judge violated his constitutional rights in the criminal case by failing to honor an "agreement" to

return property to him in exchange for his guilty plea. (*See* Doc. No. 1 at 3, ¶ IV, at 5, ¶ IV.)

## Standard of Review

District courts are expressly required to screen all *in forma pauperis* complaints filed in federal court and all complaints in which a prisoner seeks redress against governmental defendants, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

## Discussion

The Court finds that this action must be dismissed under §§ 1915(e)(2)(B) and 1915A.

First, Judge Miraldi is entitled to immunity from Plaintiff's damages suit. It is well established that judges are entitled to absolute immunity from suits seeking monetary damages on claims arising out of the performance of their judicial functions, even if they acted erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute judicial immunity is overcome in only two sets of circumstances, if the judge's actions were "nonjudicial" in nature or were "taken in the complete absence of all jurisdiction." *Id.* at 11–12. Plaintiff's complaint on its face purports to challenge actions taken by Judge Miraldi in his judicial capacity in Plaintiff's criminal case, and Plaintiff has not alleged facts plausibly suggesting that the Judge took any action falling outside of the scope of his absolute judicial immunity.

Second, Plaintiff's complaint purports to assert claims calling into question the validity of his criminal conviction pursuant to his guilty plea, but such claims are not cognizable claim

under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that a state prisoner has no cognizable civil rights damages claim under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment, or for any "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless and until the prisoner shows that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

Plaintiff he has made no showing or allegation that his conviction has been called into question or invalidated in any of the ways articulated in *Heck*. Rather, Plaintiff's conviction and sentence have been upheld on appeal. *See State v. Arnoff,* 2020 WL 3530559. Accordingly, to the extent Plaintiff's claims challenge the validity of his conviction, they are barred by *Heck*.

## Conclusion

For all of the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE